**Konrad L. Trope** (California SBN: 133214)
TROPE LAW GROUP, P.C.
9107 Wilshire Blvd., Suite 450
Beverly Hills, California 90210
Phone: (888) 942-9997
Fax: (888) 942-9997
Email: ktrope@tropelawgroup.com

**Joseph W. Mott** (Arizona SBN: 004592)
[Applying for *Pro Hac Vice* Admission]
Hartman Titus PLC
3507 N. Central Ave, Suite 101
Phoenix, Arizona 85012
Phone: (602) 235-0500
Fax: (888) 506-6572
Email: jmott@hartmantitus.com

Attorneys for Plaintiffs, Gerald Marvin, Kingston Trio Artists, LLC, Timothy Gorelangton, Barbara L. Childress, Robert C. Shane, and Kingston Trio, LLC.

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| GERALD MARVIN, an individual; KINGSTON TRIO ARTISTS, LLC, a Nevada Limited Liability Company; TIMOTHY GORELANGTON, an individual; BARBARA L. CHILDRESS, an individual; ROBERT C. SHANE, an individual; and KINGSTON TRIO, LLC, an Arizona Limited Liability Company,<br><br>Plaintiffs,<br><br>vs.<br><br>JOSHUA S. REYNOLDS, an individual; SUSAN REYNOLDS, an individual; TRIDENT ARTISTS; and DOES 1 through 10, inclusive,<br><br>Defendants. | Case No.: 2:19-cv-5536<br><br>**COMPLAINT FOR:**<br><br>1. **Infringement of Registered Trademark: Lanham Act, 15 U.S.C. § 1117;**<br>2. **False Designation of Origin, 15 U.S.C. § 1125(a);**<br>3. **Violation of Electronic Communications Privacy Act, 18 U.S.C. §§ 2701 et seq.;**<br>4. **Violation of Computer Fraud and Abuse Act, 18 U.S.C. §§ 1030 et seq.;**<br>5. **Infringement of Unregistered Servicemarks: Lanham Act, 15 U.S.C. § 1125;**<br>6. **Violation of Anti-Cybersquatting Consumer Protection Act, 15 U.S.C. § 1125(d);**<br>7. **Breach of Contract;**<br>8. **Accounting; and**<br>9. **Breach of Fiduciary Duty.**<br><br>**JURY DEMAND** |

**COMES NOW**, Plaintiffs GERALD MARVIN, an individual; KINGSTON TRIO ARTISTS, LLC, a Nevada Limited Liability Company; TIMOTHY GORELANGTON, an individual; BARBARA L. CHILDRESS, an individual; ROBERT C. SHANE, an individual; and KINGSTON TRIO, LLC, an Arizona Limited Liability Company, presenting their complaint herein against Defendant JOSHUA S. REYNOLDS, an individual; and SUSAN REYNOLDS, an individual, and allege as follows:

## THE PARTIES

1.     Plaintiff GERALD MARVIN ("Marvin"), at all times relevant hereto, was a resident of the State of California.

2.     Plaintiff KINGSTON TRIO ARTISTS, LLC ("KTA-LLC"), at all times relevant hereto was a Nevada Limited Liability Company.

3.     Plaintiff TIMOTHY GORELANGTON ("Gorelangton"), at all times relevant hereto was a resident of the State of Nevada.

4.     Plaintiff BARBARA L. CHILDRESS ("Childress"), at all times relevant hereto was a resident of the State of Arizona.

5.     Plaintiff ROBERT C. SHANE ("Shane"), at all times relevant hereto was a resident of the State of Arizona.

6.     Plaintiff KINGSTON TRIO, LLC ("KT-LLC"), at all times relevant hereto was an Arizona Limited Liability Company.

7.     Defendant JOSHUA S. REYNOLDS ("Josh Reynolds"), at all times relevant hereto was is a resident of the State of Oregon.

8.     Defendant SUSAN REYNOLDS ("Susan Reynolds"), at all times relevant hereto was resident of the State of Oregon and spouse of Defendant Joshua S. Reynolds.

///

///

///

9. Plaintiffs are informed, believe and thereon allege that Defendant Susan Reynolds was aware, authorized, approved and conspired with her spouse, Defendant JOSHUA S. REYNOLDS in the illegal conduct of Defendant JOSHUA S. REYNOLDS alleged herein.

10. Defendant TRIDENT ARTISTS ("Trident"), at all times relevant hereto was a business entity, form unknown.

11. The true names and capacities of the Defendants sued in this Complaint as DOES 1 through 10, inclusive, whether individual, corporate, associate, or otherwise, are presently unknown to Plaintiffs who therefore sue these Defendants by such fictitious names. Plaintiffs will amend this Complaint to set forth the true names and capacities of DOES 1 through 10, inclusive, when they have been ascertained or at the time of trial herein. Plaintiffs are informed, believe and thereon allege that each of these such fictitiously named Defendants participated in some manner in the events and occurrences referred to hereinafter and/or proximately caused the damages complained of herein.

12. Plaintiffs are informed, believe and thereon allege that, at all times herein mentioned, each of the Defendants (including inter alia, the fictitiously named Defendants) was the agent, servant, employee or co-conspirator of each of the other Defendants, and doing the things herein alleged, was acting in the scope of his, her, or its actual, apparent or special authority as such agent, servant, employee or co-conspirator, and with the permission or consent of each such co-Defendant.

## JURISDICTION AND VENUE

13. Plaintiffs KTA-LLC, Gerald Marvin, Timothy Gorelangton, Barbara L. Childress, Robert C. Shane and KT-LLC (collectively "Plaintiffs"), bring this civil action pursuant to the Anti-Cybersquatting Consumer Protection Act, 15 U.S.C. §§ 1125, et seq.; the Lanham Act, as codified at 15 U.S.C. §§ 1125, 1051; the Computer Fraud and Abuse Act, 18 U.S.C. § 1030, et seq., and the Electronic

COMPLAINT

Communications Privacy Act, 180 U.S.C. § 2701 et seq.

14.     This court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1131 and 28 U.S.C. § 1338(a).  This court also has supplemental jurisdiction over all other claims that do not arise under a federal statute in that these supplemental claims are so related to the claims in the action within such original jurisdiction of this court that they form part of the same case or controversy under Article III of the *United States Constitution* pursuant to 28 U.S.C. § 1367.

15.     Venue is proper in this district pursuant to 28 U.S.C. § 1391 inasmuch as a substantial part of the events or omissions giving rise to claims for relief occurred in this judicial district.

## **FACTUAL ALLEGATIONS**[1]

[Common to All Causes of Action]

16.     Plaintiffs Shane, Childress, and KT-LLC control the intellectual property connected with *The Kingston Trio* (the "Trio") which trio has been a folk music group performing all over the world since the late 1950's.  *See* print out from United Stated Patent and Trademark Office website attached hereto and incorporated herein as Exhibit "1."

17.     Plaintiff KT-LLC is the owner of the Federally registered trademark, *The Kingston Trio*.  Furthermore, Plaintiffs KT-LLC, Shane, Childress, and/or some combination thereof, are the sole owners of any common law trademark rights concerning, referring to, and/or relating to the Trio.

18.     Pursuant to a License Agreement dated August 4, 2016, Plaintiffs Shane and Childress licensed, to Plaintiff Marvin and Defendant Josh Reynolds, the rights to commercially exploit the intellectual property related to or concerning the Trio, including the trademark "*The Kingston Trio*."  A true and correct copy of

---

[1] Plaintiffs Shane, Childress and KT-LLC make the allegations of Paragraph 19-21, 33-38 and 42 on information and belief.

COMPLAINT

the License Agreement is attached hereto and incorporated herein as Exhibit "2."

19.     On or about December 21, 2016, Plaintiff Marvin and Defendant Josh Reynolds, along with Gorelangton caused to be organized the limited liability company known as Kingston Trio Artists, LLC, a Limited Liability Company, registered in the State of Nevada.  A true and correct copy of the Articles of Organization of KTA-LLC is attached hereto and incorporated herein as Exhibit "3."  Exhibit "3" shows that Plaintiff Marvin, Gorelangton as well as Defendant Josh Reynolds are managing members of the LLC.  In addition, Exhibit "3" also shows that Plaintiff Marvin, Defendant Josh Reynolds and Plaintiff Gorelangton are also organizers of KTA-LLC.

20.     On or about June 2, 2018, Plaintiff Marvin, Defendant Josh Reynolds and Plaintiff Gorelangton executed the Operating Agreement for KTA-LLC.  A true and correct copy of the Operating Agreement of KTA-LLC is attached hereto and incorporated herein as Exhibit "4."

21.     KTA-LLC was organized by Plaintiff Marvin, Defendant Josh Reynolds and Plaintiff Gorelangton because Plaintiff Marvin and Defendant Josh Reynolds had sublicensed the rights to the intellectual property of the Trio to KTA-LLC.  This sublicense agreement was undertaken to facilitate the commercial exploitation of the intellectual property of the Trio.

22.     Plaintiffs Shane, Childress and KT-LLC have authorized the sublicensing of the Trio's intellectual property to KTA-LLC.

23.     Accordingly, all members of KTA-LLC, namely Plaintiff Marvin, Defendant Josh Reynolds and Plaintiff Gorelangton, have a fiduciary duty to be fair and honest in carrying out their duties as members of KTA-LLC.

24.     Indeed, the members of KTA-LLC each had an obligation of good faith and fair dealing in carrying out the commercial exploitation of the intellectual property that was sublicensed to KTA-LLC.

///

COMPLAINT

25.     Furthermore, Plaintiff Marvin as well as Defendant Josh Reynolds also had an obligation of good faith and fair dealing in carrying out their duties of commercially exploiting the intellectual property that was licensed to them by Plaintiffs Shane and Childress.

26.     Part of the intellectual property associated with or connected to the trademark "*The Kingston Trio*" (the "Trademark") is also within the website www.kingstontrio.com.  The Trademark has been used continuously to identify musical recordings and concerts by the Trio for the past 60 years.  The Trademark has been used continuously and openly with variations, and those variations are protected as more fully described herein.  Plaintiffs' registered trademark "*The Kingston Trio*" and any other unregistered trademarks related thereto are collectively herein referred to as "the Trademarks."

27.     In addition, the website www.kingstontrio.com (the "Website") contains the Trademark of the Trio, and thus, is a website designed to promote the commercial exploitation of the intellectual property of the Trio, as originally set forth in the License Agreement previously identified herein as Exhibit "2."

28.     The fame of the Trio is almost legendary. From the late 1950's until the arrival of the Beatles in 1964, the Trio ruled the pop charts. The Trio's first 19 albums reached Billboard's Top 100, with 14 entering the top 10, and they were arguably the most popular vocal group in the world.  The Trio was nominated 8 times for a Grammy, and won 3 times.  Grammy's are awarded by the Recording Industry Association of America.  They also had 4 Platinum Albums, meaning sales exceeded one million units.  Various changes in performers over the years up to the present have carried forward the quality and spirit of the original group, connecting audiences to the heyday of folk music.

29.     Plaintiffs Shane and Childress executed a First Amendment to the License Agreement with Plaintiff Marvin and Defendant Josh Reynolds in which Plaintiff Marvin and Defendant Josh Reynolds agreed to use reasonable efforts to

COMPLAINT

ensure their use of the Trademark met or exceeded licensors' (Plaintiffs Shane and Childress) existing minimum standard of quality for similar uses of the Trademark. This First Amendment to the License Agreement is attached hereto and incorporated herein as Exhibit "5."

30.     After the First Amendment to the License Agreement was executed in June of 2018, the Trio (comprised of Plaintiff Marvin, Tim Gorelangton and Defendant Josh Reynolds) commenced arranging a continuation of their tour of the country at various venues.  The Trio retained the services of Producers, Inc., a booking agency out of Florida as their exclusive agent.

31.     On or about September 14, 2018, Defendant Josh Reynolds demanded reimbursement for certain expenses notwithstanding the fact that he refused to provide documentation as to the nature of those expenses.  Furthermore, Defendant Josh Reynolds demanded that the reimbursement be paid to him immediately, otherwise he would not be touring with the Trio and said that he should be replaced.  Defendant Josh Reynolds repeated this demand several times, both orally and in writing, to Plaintiffs Marvin and Gorelangton.

32.     Defendant Josh Reynolds' demand was highly disruptive as Mr. Reynolds knew that the Trio was about to start a national tour the next day.  By threatening to withdraw from the Trio, Defendant Josh Reynolds was clearly breaching his fiduciary obligations as a member of KTA-LLC, and also breaching the obligation of good faith and fair dealing in performing his duties under the License Agreement as well as the First Amendment to the License Agreement.

33.     Nevertheless, Plaintiff Marvin took Reynolds at his word, and immediately found a replacement for Reynolds.  Thus, the Trio was newly comprised of Robert Haworth and Plaintiffs Gorelangton and Marvin.  The Trio flew to Kennedy International Airport in New York as the first leg of their national tour.

///

7                                                      COMPLAINT

34.     On or about September 15, 2018 while Marvin was waiting to board a plane in Kennedy International Airport for the next leg of the Trio's tour, Defendant Josh Reynolds came up from behind and assaulted Plaintiff Marvin, by slugging Marvin in the back of the head knocking Marvin to the ground.

35.     Plaintiff Marvin called the police.  A report was taken.  Ever since then, Marvin has intermittently suffered various medical maladies related to the concussion he suffered as a result of Defendant Josh Reynolds slugging him in the back of the head.  Defendant Josh Reynolds later stated that he was only joking.  However, Plaintiff Marvin ultimately filed an application for a Civil Harassment Restraining Order ("CVRO").  The CVRO was issued by the Superior Court for the State of California on or about November 14, 2018.  A true and correct copy of the CVRO is attached hereto and incorporated herein as Exhibit "6."

36.     Over the next several months the Trio performed over 30 concerts around the country.  However, Defendant Josh Reynolds has gone on a calculated campaign of disrupting the Trio's efforts of commercially exploiting the Trademark.  Thus, Defendant Josh Reynolds is breaching his fiduciary obligations to Plaintiff KTA-LLC, breaching his obligations under the License Agreement and the First Amendment to the License Agreement, as well as the same acts also constituting trademark infringement under the *Lanham Act* as well as violation of the *Computer Fraud and Abuse Act*, and violations of the *Electronic Communications Privacy Act*.

37.     Since mid-September 2018, Defendant Josh Reynolds has hijacked and taken over the Website that belongs to KTA-LLC.  The Website was the principal way by which fans could obtain information about tour dates, ticket prices and concert schedules.  Instead, Defendant Josh Reynolds has purposely and repeatedly been redirecting the Website traffic to other websites causing confusion among fans and performance venues.

///

COMPLAINT

38.   Defendant Josh Reynolds has engaged in acts of hijacking the Website and having it redirect to other websites including, but not limited to, an outdated page on the website of David Belenzon Management, Inc. ("DBM"), showing Defendant Reynolds performing with the Trio.  In addition, Defendant Josh Reynolds has also had the Website redirect Internet users to a website known as www.tridentartists.com ("Trident").  The Trident website purports to offer bookings and post a tour schedule for the *The Kingston Trio*, an entity not licensed by Plaintiffs Shane, Childress and KT-LLC.  Moreover, Defendant Josh Reynolds has been disparaging the current makeup of the Trio and has been falsely promoting that he is still a member of the Trio.

39.   Defendant Josh Reynolds' activity of infringing the Trademark and infringing the other intellectual property of the Trio has caused severe and actual damages.  The number of bookings for the Trio has dramatically dropped as venues have called the Trio's agency, Producers, Inc., and have complained that they are confused as to who is the true the Trio.  Thus, there has been a dramatic drop in the income of the Trio.

40.   Plaintiff Childress, on behalf of all Plaintiffs demanded within the past sixty (60) days that Defendant Josh Reynolds return control of the Website to Plaintiff KTA-LLC and that he stop his activities of infringing the Trademarks. Defendant Josh Reynolds has refused to comply.  Defendant Josh Reynolds' actions are so egregious that there is the distinct possibility of destroying the value of the mark and wiping out Plaintiffs' efforts to commercially exploit the mark.

## **FIRST CLAIM FOR RELIEF**

[Infringement of a Registered Trademark,

Lanham Act, 15 U.S.C. § 1117

Against All Defendants]

41.   Plaintiffs reallege, adopt and incorporate by reference, each and every allegation contained in Paragraphs 1 through 40, inclusive, of this Complaint as

COMPLAINT

though fully set forth herein.

42.     As alleged, Plaintiffs are either the registrants of or the exclusive licensees of "*The Kingston Trio*" trademark as of August 1, 2017, and thus, are also the owners or the authorized managers of the Website.

43.     Through their above-described actions, Defendants have used and continue to use the Trademark in commerce in an effort to divert consumers away from and redirect them to different websites with the intent of causing consumers to believe that their other websites are authorized by the Trio or KTA-LLC. Defendants, each of them and collectively, have caused confusion in the marketplace regarding who is the true Trio and therefore, consumers and performance venues are extremely confused as to who or what is the source of goods and services based on over 60 years of using the Trademark.

44.     This use of the Trademarks by Defendants is not only likely to cause consumer confusion but actually has caused consumer confusion, consumer mistakes and has caused the general public to be deceived as to who is the true the Trio as identified by the Trademarks.

45.     The aforesaid conduct of Defendants is without the consent or permission of any and all of the Plaintiffs.

46.     As a result of Defendants' infringement, Plaintiffs have suffered and continue to suffer monetary damages, and Defendants have unlawfully profited, in an amount which cannot be accurately computed at this time but will be proven at trial.

47.     Plaintiffs are therefore, entitled to disgorgement of Defendants' profits under 15 U.S.C. § 1117(a).

48.     Plaintiffs are further entitled to recover treble damages pursuant to 15 U.S.C. § 1117(a).

49.     Plaintiffs are further entitled to injunctive relief because the conduct of Defendants has caused and will continue to cause Plaintiffs irreparable harm for

COMPLAINT

which there is no adequate remedy at law.

50.    This case qualifies as "an exceptional case" within the meaning of 15 U.S.C. § 1117(a) in that Defendants' actions have been malicious, fraudulent, deliberate, willful and taken in bad faith with full knowledge and in conscious disregard of Plaintiffs' rights.  As such, Plaintiffs are entitled to recover their attorneys' pursuant to 15 U.S.C. § 1117(a).

## SECOND CLAIM FOR RELIEF

[False Designation of Origin, 15 U.S.C. § 1125(a)

Against All Defendants]

51.    Plaintiffs Shane, Childress, KT-LLC, Marvin, Gorelangton and KTA-LLC reallege, adopt and incorporate by reference, each and every allegation contained in Paragraphs 1 through 50, inclusive, of this Complaint as though fully set forth herein.

52.    The Trademark has tremendous goodwill, is distinctive and has been used throughout the United States and worldwide and is well known to the music industry and members of the purchasing public.  Accordingly, the public will associate and identify the licensed Trademark with Plaintiffs and, indeed, have associated the Trademarks with Plaintiffs based on the large number of shows that the KTA-LLC's performers, Plaintiff Marvin, Plaintiff Tim Gorelangton and Don Marovich undertook between September of 2018 and March of 2019.  However, the infringing and fraudulent acts of the Defendants are now taking a steep financial toll.

53.    Indeed, without Plaintiffs' authorization or consent, Defendants have used the Trademark to advertise and book, without limitation, various performances of a group claiming to be the Trio in which Defendant Josh Reynolds is one of the leaders of the group.

54.    Defendants' advertisements, whereby Defendant Josh Reynolds is identified as a member of the performing Trio constitutes false designation of

origin of goods and services. Defendant Josh Reynolds falsely represents that his performances originate from Plaintiffs or has been sponsored, approved, or licensed by Plaintiffs or is in some way affiliated or connected with Plaintiffs.

55. Such conduct of Defendants is likely to confuse, has actually confused, and has misled and is likely to mislead and deceive Plaintiffs' customers, purchasers and members of the public as to the origin of the performances as to the Trio or cause said persons to believe that the performances of Defendants are the true the Trio or have been sponsored, approved, authorized or licensed by Plaintiffs or in some way are affiliated or connected with Plaintiffs, all in violation of 15 U.S.C. § 1125(a).

56. Defendants' actions were done willfully and with full knowledge of the falsity of such designations of origin and false descriptions or representations, and with the express intent to cause confusion, and to mislead and deceive the purchasing public.

57. This case qualifies as "an exceptional case" within the meaning of 15 U.S.C. § 1117(a) in that Defendants' actions have been malicious, fraudulent, deliberate, willful and taken in bad faith with full knowledge and in conscious disregard of Plaintiffs' rights. As such, Plaintiffs are entitled to recover their attorneys' pursuant to 15 U.S.C. § 1117(a).

58. Plaintiffs are therefore, entitled to disgorgement of Defendants' profits under 15 U.S.C. § 1117(a).

59. Plaintiffs are further entitled to recover treble damages pursuant to 15 U.S.C. § 1117(a).

60. Plaintiffs have no adequate remedy at law. Plaintiffs are entitled to injunctive relief because the conduct of Defendants described herein above has caused, and if not enjoined, will continue to cause irreparable damage to the rights of Plaintiffs and the Trademarks and to the business, reputation and goodwill of Plaintiffs.

COMPLAINT

61.   Plaintiffs have been damaged by, and Defendants have profited from, Defendants' wrongful conduct in an amount to be proven at trial.

### THIRD CLAIM FOR RELIEF

[Violation of Electronic Communications

Privacy Act, 18 U.S.C. §§ 2701 et seq.

Against All Defendants]

62.   Plaintiffs Marvin and KTA-LLC reallege, adopt and incorporate by reference, each and every allegation contained in Paragraphs 1 through 61, inclusive, of this Complaint as though fully set forth herein.

63.   Plaintiff KTA-LLC owned and exclusively controlled the Website which functions under an internet protocol ("IP") address (www.kingstontrio.com) that is remotely accessible using standard, commercially available software.

64.   Commencing upon a date that presently is unknown to Plaintiffs, but is anticipated to be in or near September 2018, which is prior to the expiration of any application statute of limitations, continuing to the present, Defendants, and each of them, conspired together to cause the consuming public to be redirected to websites away from the Website.

65.   Defendants, and each of them, used the Internet to gain access to the Website, using IP addresses traceable to Defendants.

66.   Upon gaining access to the Website, Defendants, and each of them, exceeded their authority and then manipulated the various elements comprising the Website, including, but not limited to, the HTML and PHP source code ("the Source Code").  The data elements comprising the Website were illegally and without authorization accessed by Defendants, and each of them, are proprietary, confidential and consist of highly sensitive information belonging to the Plaintiffs.

67.   While Defendant Josh Reynolds was authorized to access the Website Source Codes his access was to be premised on such access serving the benefit of the Trio and the Plaintiffs.  Defendants, and each of them, were not authorized to

access any of the information for the purpose of diverting Internet traffic away from the Website.

68.   Plaintiffs are informed, believe and thereon allege and Defendants, and each of them, intentionally accessed, and exceeded their authorization through which an electronic communication service is provided and thereby obtained, altered or prevented authorized access to an electronic communication while it was in electronic storage in such system, in violation of 18 U.S.C. § 2701(a).

69.   Plaintiffs are informed, believe and thereon on allege that the information Defendant, and each of them, took from Plaintiffs, are being used by them to compete illegally and unfairly with Plaintiffs in violation of the License Agreement, the First Amendment to the License Agreement, as well as the Operating Agreement of KTA-LLC.  Defendant Josh Reynolds is a party to each of those agreement and his conduct described herein is in direct violation of those agreement as well as in violation of the federal statute described herein.

70.   Plaintiffs are informed, believe and thereon allege that the conduct constituting the violations alleged herein were committed for purposes of commercial advantage, malicious destruction or damage, or private commercial gain, in violation of 18 U.S.C. § 2701(b).

71.   Plaintiffs are further informed, believe and thereon allege that the conduct constituting the violations alleged herein were engaged in by Defendants, and each of them, with a knowing or intentional state of mind, and that it was willful or intentional.

72.   Defendants, and each of them, in performing the conduct complained of herein, acted willfully and with the intent to cause injury to Plaintiffs. Defendants, and each of them, are guilty of malice and oppression in conscious disregard of Plaintiffs' rights, thereby warranting an assessment of punitive damages or exemplary damages or enhanced damages to the extent allowed by law in an appropriate amount to punish Defendants and to deter others from engaging

in similar misconduct.

73.     Defendants have engaged in, continue to engage in, and unless restrained, will continue to engage in the wrongful and illegal acts described herein.  As a result, Plaintiffs will suffer great and irreparable injury, for which damages would not afford adequate relief, and that said damages would not adequately compensate for the injury to Plaintiffs' business operations, reputation, goodwill and customer base.  Consequently, Defendants' conduct, if allowed to continue, would inevitably result in the destruction of the brand and goodwill associated with the Trademarks of the Trio.  Accordingly, Plaintiffs are entitled to preliminary and permanent injunctive relief against all defendants for their misconduct.

## **FOURTH CLAIM FOR RELIEF**

[Violation of Computer Fraud

and Abuse Act, 18 U.S.C. §§ 1030 et seq.

Against All Defendants]

73.     Plaintiffs Marvin and KTA-LLC reallege, adopt and incorporate by reference, each and every allegation contained in Paragraphs 1 through 72, inclusive, of this Complaint as though fully set forth herein.

74.     Plaintiffs used their computers in interstate commerce or communications.  Such computers therefore are "protected computers" within the meaning of 18 U.S.C. § 1030(a)(2)(B).

75.     Defendant Josh Reynolds, as a managing member of KTA-LLC had access to the Website and access to the Facebook account for the Trio.  Defendant Josh Reynolds and those Defendants acting in concert with him intentionally accessed Plaintiffs' computers and exceeded his authorization and thereby obtained information from a protected computer involved in an interstate communication, in violation of 18 U.S.C. § 1030(a)(2).  Defendants, and each of them, knowingly caused the transmission of a program, information, code or

command, and as a result of such conduct, intentionally caused "damage" (as that term is used at 18 U.S.C. § 1030(e)(8)(A) without authorization, to a protected computer, in violation of 18 U.S.C. § 1030(a)(5)(A).

76.    Defendants, and each of them, further intentionally accessed a protected computer and exceeded their authorization, by redirecting Internet traffic away from the Website and, as a result of such conduct, recklessly caused damage to Plaintiffs in violation of 18 U.S.C. § 1030(a)(5)(B).

77.    Defendants, and each of them, further intentionally accessed a protected without authorization, and as a result of such conduct, caused damage to Plaintiffs in violation of 18 U.S.C. § 1030(a)(5)(C).

78.    Defendants, and each of them, further knowingly trafficked in passwords or similar information through which a computer may be accessed, whereby they exceeded their authorization, and such trafficking affected interstate commerce, in violation of 18 U.S.C. § 1030(a)(6)(A).

79.    Defendants, and each of them, further attempted to commit all the offenses alleged herein above, in violation of 18 U.S.C. § 1030(b). Defendants, and each of them, in performing the conduct complained of herein acted willfully and with the intent to cause injury to Plaintiffs, and each of them, to Plaintiffs. Defendants, and each of them, are guilty of malice and oppression in conscious disregard of Plaintiffs' rights, thereby warranting an assessment of punitive damages or exemplary damages or enhanced damages to the extent allowed by law in an appropriate amount to punish Defendants and to deter others from engaging in similar misconduct.

80.    Defendants have engaged in, continue to engage in, and unless restrained, will continue to engage in the wrongful and illegal acts described herein.  As a result, Plaintiffs will suffer great and irreparable injury, for which damages would not afford adequate relief, and that said damages would not adequately compensate for the injury to Plaintiffs' business operations, reputation,

goodwill and customer base.  Consequently, Defendants' conduct, if allowed to continue, would inevitably result in the destruction of the brand and goodwill associated with the Trademarks of the Trio.  Accordingly, Plaintiffs are entitled to preliminary and permanent injunctive relief against all Defendants for their misconduct.

### **FIFTH CLAIM FOR RELIEF**

[Infringement of Unregistered Servicemarks,

Section 43(a) of the Lanham Act, 15 U.S.C. § 1125

Against All Defendants]

81.     Plaintiffs Marvin and KTA-LLC reallege, adopt and incorporate by reference, each and every allegation contained in Paragraphs 1 through 80, inclusive, of this Complaint as though fully set forth herein.

82.     Plaintiff KTA-LLC has operated the Website located at www.kingstontrio.com since the domain name was turned over to them by Plaintiffs Shane, Childress and KT-LLC in 2017.  During the interval of time between then and the present, Plaintiffs' Website has been viewed by millions of persons, and is regarded as the singular source on the World-Wide Web for obtaining information about music, history and concert tours of the Trio. Plaintiffs' unregistered servicemarks such as www.kingstontrio.com, together with the trade dress design and features of the Website, are inherently distinctive, because their intrinsic nature serves to identify the Trio music as coming from a particular source, that is, Plaintiff KTA-LLC.  Indeed, Plaintiffs' Website has become synonymous with the Trio in the mind of the public, because the public identifies the source of music albums, records, souvenirs and concerts as coming from KTA-LLC.

83.     Defendants, and each of them, without authorization, are using the various unregistered servicemarks such as www.kingstontrio.com and various cognates, in interstate commerce, without Plaintiffs' consent, in connection with

the sale, offering for sale, distribution or advertising of goods and services and websites to which consumers are redirected after they attempt to obtain access to www.kingstontrio.com, in a way that is clearly likely to mislead or cause confusion among ordinary, prudent purchasers.  Such conduct by Defendants, and each of them, of redirecting consumers who are seeking information through the Website www.kingstontrio.com and various cognates, is both the false or misleading designation of origin, and a false and misleading description or representation of fact.

84.     Among other factors, consumers were misled (confused) into thinking that Plaintiffs were the originator or proprietor of various websites to which consumers were directed by Defendants when said consumers sought to access www.kingstontrio.com, and each of them, and the goods and services sold at such site; that Plaintiffs were somehow affiliated, connected or associated with Defendants, or any of them; and that Plaintiffs somehow have endorsed or approved the websites to which consumers are redirected by Defendants, and each of them, and the goods or services sold at such sites.

85.     The classes of goods and services offered by Defendants, and each of them, are virtually identical with the goods and services offered by Plaintiffs.  In fact (by way of example), but not by way of limitation, Plaintiffs have received numerous complaints from consumers as well as through its booking agency from consumers who thought they had received goods from or were obtaining information and services offered by Plaintiffs, when in fact they had been redirected without authorization to misleadingly-similar services by Defendants, or received goods and services from Defendants.

86.     The imitation, copying and unauthorized use by Defendants, and each of them, of Plaintiffs' service marks, Trademarks and trade dress, has caused and will continue to cause irreparable injury to Plaintiffs including, but not limited to injury to Plaintiffs' business, reputation, and dilution of distinctive qualities of

COMPLAINT

Plaintiffs' service marks and trade dress.

87.  Defendants, and each of them, in performing the conduct complained of herein, acted willfully and with the intent to cause injury to Plaintiffs. Defendants, and each of them, are therefore guilty of malice and oppression in conscious disregard of Plaintiffs' rights, thereby warranting an assessment of punitive damages or exemplary damages or enhanced damages to the extent allowed by law in an appropriate amount to punish Defendants and to deter others from engaging in similar misconduct.

88.  Defendants have engaged in, continue to engage in, and unless restrained, will continue to engage in the wrongful and illegal acts described herein.  As a result, Plaintiffs will suffer great and irreparable injury, for which damages would not afford adequate relief, and that said damages would not adequately compensate for the injury to Plaintiffs' business operations, reputation, goodwill and customer base that supports the Trio and has supported it for the last 50 years.  Consequently, Defendants' conduct, if allowed to continue, would inevitably result in the destruction of the Trio.  Accordingly, Plaintiffs are entitled to preliminary and permanent injunctive relief against all Defendants for their misconduct.

## SIXTH CLAIM FOR RELIEF

[Violation of Anti-Cybersquatting Consumer

Protection Act, 15 U.S.C. § 1125(d),

Against All Defendants]

89.  Plaintiffs reallege, adopt and incorporate by reference, each and every allegation contained in Paragraphs 1 through 88, inclusive, of this Complaint as though fully set forth herein.

90.  Plaintiffs are the registered owners and exclusive licensees of the registered mark "The Kingston Trio". Plaintiff Shane has been registered owner of the mark since 1982, and Plaintiffs Shane, Childress and KT-LLC have owned the

COMPLAINT

registration since 2004; the mark has been in use in commerce since at least as early as 1957 and is famous in the music performing and recording industry. Plaintiffs Shane, Childress and KT-LLC first registered the domain name www.kingstontrio.com in 1999 used it continually in connection with a website to promote the Kingston Trio managed by them.

91.    Plaintiff Marvin and, through him, Plaintiff KTA-LLC were exclusively licensed to use the mark in August 2017 and have used it continuously since then. They also received ownership of www.kingstontrio.com and promptly associated the domain name with a website promoting their group.

92.    Defendants improperly seized control of the domain name www.kingstontrio.com from Plaintiffs Marvin and KTA-LLC in mid-September 2018 and, with a bad faith intent to profit, began using that domain name to redirect visitors seeking information about The Kingston Trio.

93.     Defendants intentionally diverted consumers from the mark owner's online location to a site accessible under the domain name that could harm the goodwill represented by the mark, either for commercial gain or with the intent to tarnish or disparage the mark, by creating a likelihood of confusion as to the source, sponsorship, affiliation, or endorsement of Defendants' selected site.

94.    Most recently, Defendants have redirected www.kingstontrio.com to a website that purports to offer bookings for The Kingston Trio, a group that is not licensed to use the mark.

95.    Defendants' use of deceptive and confusingly similar variations and copies of Plaintiffs' service marks, Trademarks, tradenames, trade dress and website, including but not limited to Plaintiffs' website, www.kingstontrio.com, as described herein above are:

      a.    Infringing uses in interstate commerce of words and/or symbols;

      b.    False designations of origin and/or a false description or representation; and

COMPLAINT

96.    Accordingly, demonstrates bad faith intentions by Defendants to profit from Plaintiffs' service marks, Trademarks and trade dress.

97.    Indeed, such conduct by Defendants is likely to cause confusion, to cause mistake, to deceive the public into affiliation of Defendants with Plaintiffs and/or the Website service marks, tradenames names and trade dress which all identify and point toward the Trio or as to the origin, sponsorship, or approval of Defendants' websites to which consumers are redirected when they attempt to use www.kingstontrio.com.  Such use has already misled and deceived and will continue to mislead and deceive, the public into believing that Defendants' counterfeit and infringing services originate with Plaintiffs, or are licensed by Plaintiffs, or in some way are sanctioned by, or otherwise affiliated with, the Plaintiffs and/or the Website or service marks or Trademarks or tradenames which are under their ownership and control.  Defendants' unauthorized association of the counterfeit and infringing activities with Plaintiffs' intellectual property, including misleading the public regarding the website www.kingstontrio.com, as well as the trademark "The Kingston Trio," will cause such damage that Plaintiffs will be irreparably harmed.

98.    By using a domain name identical to Plaintiffs' long-registered, distinctive and famous mark with a bad faith intent to profit, the Defendants have engaged and continue to engage in cyber-piracy, resulting in repeated violations of Section 43(d) of the Lanham Act, codified at 15 U.S.C. § 1125(d).  By reason of the foregoing, Plaintiffs have been irreparably harmed and will continue to be irreparably harmed.  Plaintiffs are entitled to remedies provided for in 15 U.S.C. §§ 1125 et seq., including but not limited to damages, treble damages, injunctive relief, and attorneys' fees.

99.    Defendants, and each of them, in performing the conduct complained of herein, acted willfully and with the intent to cause injury to Plaintiffs. Defendants, and each of them, are therefore guilty of malice and oppression in

conscious disregard of Plaintiffs' rights, thereby warranting an assessment of punitive damages or exemplary damages or enhanced damages to the extent allowed by law in an appropriate amount to punish Defendants and to deter others from engaging in similar misconduct.

100.   Defendants have engaged in, continue to engage in, and unless restrained, will continue to engage in the wrongful and illegal acts described herein.  As a result, Plaintiffs will suffer great and irreparable injury, for which damages would not afford adequate relief, and that said damages would not adequately compensate for the injury to Plaintiffs' business operations, reputation, goodwill and customer base.  Consequently, Defendants' conduct, if allowed to continue, would inevitably result in the destruction of business built up over the last 50 years by Plaintiffs.  That business being known as the Trio.  Accordingly, Plaintiffs are entitled to preliminary and permanent injunctive relief against all Defendants for their misconduct.

## SEVENTH CLAIM FOR RELIEF

[Breach of Contract,

Against All Defendants]

101.   Plaintiffs Shane, Childress and KT-LLC reallege, adopt and incorporate by reference, each and every allegation contained in Paragraphs 1-12, 16-18, 29, 36-40, and 43-46, inclusive, of this Complaint as though fully set forth herein.

102.   Pursuant to the License Agreement, and pursuant to the First Amendment to the License Agreement, Defendant Josh Reynolds has a duty of good faith and fair dealing in carrying out his obligations under the License Agreement and the First Amendment to the License Agreement.  In particular, he is under an explicit obligation to "use reasonable efforts to ensure that [the] uses of the trademark meet or exceed Licensor's existing minimum standard of quality for similar uses of the trademark for the duration of the License Agreement."

COMPLAINT

103.   In short, Defendant Josh Reynolds has had an obligation of good faith and fair dealing to ensure that his uses of the Trademark were in keeping with the intention of the licensors.  Thus, his hijacking of the Website www.kingstontrio.com, and causing confusion among the public and causing venues across the country to decline booking the Trio because of confusion in the marketplace, as well as his other activities defined herein above, constitute blatant breaches of the License Agreement in terms of the implied covenant of good faith and fair dealing, as well as a breach of the First Amendment to the License Agreement, whereby Defendant Josh Reynolds is violating the implied covenant of good faith and fair dealing.

104.   Moreover, on information and belief, the illegal conduct of Defendant Josh Reynolds is further highlighted by the fact that on the eve of a national tour in September 2018, he tried to hold the entire group hostage by demanding reimbursement for expenses for which he refused to provide any documentation. He repeatedly stated to Plaintiff Marvin that unless he was reimbursed immediately for a sum of between $800 and $2,000, he would not get on the plane that he should be replaced.  Plaintiff Marvin took Defendant Josh Reynolds at his word, and replaced him with Robert Haworth in order that the various contractual commitments of the Trio to play in various venues across the country were not breached.  This kind of hardball conduct is again a violation of the implied covenant of good faith and fair dealing with respect to Defendant Josh Reynolds' obligations under the License Agreement and the First Amendment to the License Agreement.

105.   Pursuant to the express and/or implied terms of the License Agreement and the First Amendment to the License Agreement, Defendants, and in particular, Defendant Josh Reynolds has an obligation not to do anything that would impair or destroy the value granted by the License Agreement and the First Amendment to the License Agreement.

106.   Defendant Josh Reynolds and the other Defendants working in concert with him, have actually breached the material terms of the License Agreement and the First Amendment to the License Agreement as set forth herein above, which is why such conduct was reincorporated by reference herein below.

107.   At all material times Plaintiffs have fully performed all of the covenants, obligations and conditions required of them under the License Agreement as well as under the First Amendment to the License Agreement, except insofar as such performance has been waived, prevented or excused by the acts or omissions of Defendants.

108.   Plaintiffs have been damaged by Defendants' material breaches, in particular, the material breaches of Defendant Josh Reynolds and the other Defendants acting in concert with him of the License Agreement and the First Amendment to the License Agreement in an amount to be proven at trial.

109.   Plaintiffs contend that, absent an injunction preventing Defendants from following through with their well-documented conduct over the past few months, has caused and will cause irreparable harm to Plaintiffs and have the effect of depriving Plaintiffs of the benefit for which they bargained for under the License Agreement and the First Amendment to the License Agreement. Accordingly, Plaintiffs seek preliminary and permanent injunctive relief, without bond, to prevent Defendants' breaches and/or further breaches of the License Agreement and the First Amendment to the License Agreement.

### EIGHTH CLAIM FOR RELIEF

[Accounting,

Against All Defendants]

110.   Plaintiffs Marvin and KTA-LLC reallege, adopt and incorporate by reference, each and every allegation contained in Paragraphs 1 through 109, inclusive, of this Complaint as though fully set forth herein.

///

COMPLAINT

111.   Plaintiffs are informed and believe that Defendants or third parties (for the benefit of Defendants) have derived and/or are in possession of significant revenue, profits, or other benefits thereon from unauthorized and improper use of the Trademarks and other intellectual property belonging to or associated with the Trio, which trademark is owned by Plaintiffs Shane and Childress, during the term of the License Agreement.  This includes, but is not limited, revenue received in connection with performances set up by Defendant Josh Reynolds implying the purchasing public would be seeing the Trio.

112.   By virtue of the exclusive license to use the Trademarks during the term of the License Agreement as well as the First Amendment to the License Agreement, Plaintiffs are entitled to a full and accurate accounting of all worldwide revenues generated from and expenses incurred, by or in connection with the actual and/or anticipated use of the Trademarks by Defendants thus far.

113.   The precise amount of money due from Defendants to Plaintiffs is unknown to Plaintiffs and cannot be reasonably ascertained without a full and complete accounting of Defendants' relevant books and records.  As a result, the full amount due and owing to Plaintiffs from Defendants is unknown.  Due to Defendants' unauthorized improper use of the Trademarks, the Website, service marks and trade dress during the term of the License Agreement, the details of which have been concealed from Plaintiffs, and the complex nature of the transactions, it is impractical to ascertained a fixed sum that is currently owed to Plaintiffs.  Accordingly, the full and precise amount owed and coming due to Plaintiffs can only be determined pursuant to a full and accurate accounting of all worldwide gross proceeds generated from and expenses incurred by or in connection with the actual and/or anticipated use of the Trademarks and related intellectual property during the License Agreement.

///

///

COMPLAINT

**NINTH CLAIM FOR RELIEF**

[Breach of Fiduciary Duty,

Against Defendant Josh Reynolds]

114.   Plaintiffs Marvin and Gorelangton reallege, adopt and incorporate by reference, each and every allegation contained in Paragraphs 1 through 113, inclusive, of this Complaint as though fully set forth herein.

115.   Pursuant to the Operating Agreement of KTA-LLC, as well as the Articles of Organization of KTA-LLC, the members of KTA-LLC, Plaintiff Marvin, Plaintiff Gorelangton, and Defendant Josh Reynolds, each owed the others a fiduciary duty of good faith and fair dealing.  Essentially, pursuant to the express and/or implied terms of the KTA-LLC Operating Agreement as well as the Articles of Organization for KTA-LLC, Defendant Josh Reynolds has an obligation not to do anything that would impair or destroy the value of the License Agreement, as well as the First Amendment to the License Agreement and those rights granted therein.

116.   Defendant Josh Reynolds has breached those fiduciary duties by repeatedly engaging in acts of self-dealing whereby he has put his own economic interests way ahead of those of Gorelangton and Marvin to whom he owes a fiduciary duty as a member and a managing member of KTA-LLC as set forth in KTA-LLC's Operating Agreement as well as its organizational documents.

117.   At all materials times, Plaintiffs Marvin and Gorelangton fully performed all of the covenants, obligations, and conditions required of them under the KTA-LLC Operating Agreement as well as the Articles of Organization, except insofar as such performance has been waived, presented or excused by the acts of omissions of Defendant Josh Reynolds, as well as those Defendants acting in concert with Defendant Josh Reynolds.

///

///

118.   Plaintiffs Marvin and Gorelangton have been damaged by Defendants' material breaches of the KTA-LLC Operating Agreement as well as the Articles of Organization in an amount to be proven at trial.

119.   Plaintiffs contend, that absent an injunction preventing Defendants from following through and continuing their above-described breaches, that Defendants are causing and will cause irreparable harm to Plaintiffs and have the effect of depriving Plaintiffs of any of the benefits for which they have directly or indirectly bargained for under the KTA-LLC Operating Agreement as well as the Articles of Organization.  Accordingly, Plaintiffs seek preliminary and permanent injunctive relief, without bond, to prevent Defendants' breaches and/or further breaches.

**PRAYER**

**WHEREFORE**, Plaintiffs pray for judgment against Defendants:

1.   For compensatory damages according to proof;

2.   For preliminary and permanent injunctive relief, without bond, to prevent Defendants from further breaching any agreements or diluting the value of the Trademarks;

3.   For an accounting;

4.   For prejudgment and post-judgment interest at the legal rate;

5.   For reasonable attorneys' fees and costs of suit;

6.   For costs of suit herein and attorneys' fees; and

7.   For such other and further relief as this honorable court deems just and appropriate.

DATED:   June 25, 2019          TROPE LAW GROUP, P.C.


_____
KONRAD L. TROPE,
ATTORNEYS FOR PLAINTIFFS

COMPLAINT

## **DEMAND FOR JURY TRIAL**

Plaintiffs hereby demand a trial by jury on all issues triable by a jury in the above-entitled action

DATED:      June 25, 2019          TROPE LAW GROUP, P.C.


_____
KONRAD L. TROPE,
ATTORNEYS FOR PLAINTIFFS

.

COMPLAINT